(No. 17710.—Decree affirmed.)
BARNET HODES, Appellee, vs. JEANETTE FOSTER et al.
Appellants.

*Opinion filed February 16, 1927—Rehearing denied April 7, 1927.*

1. PRINCIPAL AND AGENT—*principal is charged with notice or knowledge received by agent.* A principal is charged with knowledge of all material facts of which his agent receives notice or acquires knowledge while such agent is acting in the course of his employment and within the scope of his authority.

2. SPECIFIC PERFORMANCE—*when vendee will be allowed specific performance after sale to third parties.* Where a vendor repudiates her contract for the sale of real estate, not because it is unfair or inequitable but at the request of third parties, to whom she at once conveys the property for substantially the same consideration for which she had agreed to convey it to her vendee, the vendee will be allowed specific performance against the vendor and the purchasers where the latter's attorney had knowledge of the existence of the vendor's contract to convey, as in such case the purchasers are charged with the knowledge of their attorney and are not purchasers in good faith for value.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

RAY E. LANE, for appellants.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

July 25, 1925, appellant Jeanette Foster entered into an agreement to sell to appellee, Barnet Hodes, her residence, known as 3949 West End avenue, Chicago, for the sum of $12,000, free and clear of all encumbrances and subject to taxes for the year 1925. The property was subject to the lien of a trust deed securing the payment of an indebtedness of $1000. A cashier's check for $1000, payable to the order of Frank C. Wells and endorsed by him to the

order of Mrs. Foster, was exhibited to her and deposited with Wells as earnest money, to be applied under the contract on the purchase price when the deal was consummated. The seller agreed to deliver to the purchaser a guaranty policy of the Chicago Title and Trust Company, and the buyer agreed to pay the remaining $11,000 at the time of the delivery of the deed if he found the title acceptable. Leo Michaels, vice-president of the Milwaukee Western State Bank, was named by Mrs. Foster as her representative to close the deal. She delivered to Michaels a copy of the contract, and upon learning from him that she was obligated to pay for the title guaranty policy she requested him to ascertain if she could not be relieved of this expense. Lindheimer & Wells, brokers handling this deal, agreed to assume the cost of the policy, and August 8 sent to Michaels the opinion of title, showing title in Alfred W. Foster and Jeanette Foster as joint tenants, and noted as an objection that there was no proof of the death of Alfred. August 11 Michaels directed a letter to Mrs. Foster asking her to furnish proof of her husband's death and whether he died testate or intestate. She left the city before complying with this request and did not return until August 28. Upon her return she was advised that appellee was ready to close the deal, and she asked that she be permitted to remain in the house until November without payment of rent. September 17 Michaels received a letter advising him that appellee had no objection to granting this request and repeated that he was ready to close the deal. On this day Mrs. Foster executed a warranty deed conveying the same property to appellants Earl Burton and Catherine Burton as joint tenants, the deed reciting a consideration of $12,000. Thereafter appellee filed a bill asking for specific performance of his contract and made Mrs. Foster and the Burtons defendants to the bill. Answers were filed and the cause was referred to the master in chancery. After hearing testimony he reported recommending

a decree of specific performance, and such a decree was entered. This appeal followed.

Ray E. Lane, an attorney now appearing as solicitor for all of appellants, represented the Burtons in their dealings with Mrs. Foster. She told him of the existence of the contract with appellee, and Lane delivered to her an agreement bearing the same date as her deed to the Burtons, by which the Burtons pledged themselves to defend any and all actions at law or suits in chancery which might grow out of the agreement to sell to appellee and to save her harmless from all liability thereunder. The principal is affected with knowledge of all material facts of which the agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority. (*Jackson* v. *Horton,* 126 Ill. 566; *Whitney* v. *Burr,* 115 id. 289.) The Burtons having actual knowledge, through their agent, of the existence of the agreement to sell to appellee, their contention that they are purchasers in good faith for value is untenable.

There is no proof in this record of inadequacy of consideration or of fraud. After entering into an agreement to sell this property to appellee and after receiving valuable concessions Mrs. Foster repudiated her contract, not because it was unfair or inequitable but at the request of third parties, to whom she at once conveyed the property for substantially the same consideration for which she had agreed to convey it to appellee. The transaction with the Burtons bears all the earmarks of a scheme to prevent the appellee from securing the benefit of his bargain. Earl Burton is discredited by self-contradictions and by the testimony of disinterested witnesses. The contract with appellee was fairly made, and there is no showing why it should not be carried out. On such a record the courts are bound to enter a decree of specific performance. *Cumberledge* v. *Brooks,* 235 Ill. 249; *Fowler* v. *Fowler,* 204 id. 82.

The decree of the circuit court is affirmed.

*Decree affirmed.*