(No. 40500.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WALLACE BROWN, Appellant.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago,
(PAUL BRADLEY and JAMES J. DOHERTY, Assistant Public
Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JAMES B. ZAGEL, Assistant State's Attorneys, of
counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Wallace Brown, appeals by leave of this court from the order of the Appellate Court, First District, denying his motion to vacate its prior order dismissing his appeal, to set an appeal bond and to order the preparation of a free transcript of the trial proceedings. Defendant contends that he was denied due process of law by the order and that through no fault of his own was denied his right to effective assistance of counsel on appeal.

The case is submitted on the defendant's motion and the State's objections thereto, together with briefs and appendices. The facts are that defendant was indicted in April, 1964, for pandering, and retained an attorney for an agreed fee of $1,300. On July 31, 1964, he was found guilty in a bench trial in the circuit court of Cook County and sentenced to from 3 to 5 years in the penitentiary. Defendant requested the said attorney to appeal the conviction and alleges that he paid him an additional $1,100. The attorney denies ever having received this payment. Nevertheless, he did file notice of appeal in the trial court, paid the docketing fee and filed the record in the appellate court on January 18, 1965. No other action was taken in the appellate court on behalf of the defendant and on May 20, 1965, the clerk informed the court that he had called and left messages for the attorney on 3 or 4 occasions but had never received a return call. On that date the court, on its own motion, then dismissed the appeal for want of prosecution.

On August 25, 1966, the State's Attorney of Cook County procured an order of *procedendo* from the office of the clerk of the appellate court and on August 29 the circuit court of Cook County ordered defendant's appeal bond forfeited and issued a *capias* for his arrest. Defendant was subsequently arrested and incarcerated whereupon he retained new counsel who filed a motion on September 13,

1966, in the appellate court praying for vacation of the order of dismissal, for leave to appear and prosecute the appeal, to set appeal bond and to extend time for filing briefs therein, which motions were denied. On November 4, 1966, the trial court appointed the public defender to represent the defendant in these proceedings, who then filed a second motion on January 9, 1967, in the appellate court to vacate the order of dismissal, set appeal bond and order a free trial transcript prepared. (This presumably was done in view of the fact that the previous motion to vacate misstated the date of the dismissal order of the appellate court as being August 29, 1966.) In this motion defendant charged that he had no notice of the appellate court action until his arrest in August of 1966, that on November 14, 1963, hearings were commenced before the Committee on Grievances of the Chicago Bar Association, as commissioners of this court in regard to complaints filed against defendant's trial attorney, that the hearings were closed on April 30, 1964, and that the committee's report, filed in this court on May 7, 1965, found the attorney guilty on 6 counts each involving moral turpitude, several of the counts charging said attorney with having failed to prosecute appeals after having been paid the requested fees. Pursuant to this report and the recommendation thereof, the attorney was disbarred by this court on September 28, 1965. Defendant further charged that at no time prior to his arrest on August 29, 1966, was he notified or did he have knowledge of his attorney's disbarment or inaction in his appeal. On January 20, 1967, the appellate court entered the order denying defendant's motion from which we granted leave to appeal.

In essence, the sole question presented is whether a defendant's appeal which has been dismissed by the appellate court for want of prosecution should be reinstated when his counsel was either culpably negligent or intentionally malfeasant in the performance of his representative duties. As such, this issue presents questions of both fact and law

similar to those involved in dismissals of causes at the trial level for want of prosecution, or dismissals of appeals for failure to file a timely notice of appeal, making cases decided on those subjects relevant here.

Under our system of representative litigation, the general rule is that the client is bound by the acts (or omissions) of his lawyer-agent; for example, if the latter fails to prosecute diligently the client's suit, a dismissal may be entered which is binding against the client. (*Link* v. *Wabash Railroad Co.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386; *United States* v. *Sorrentino*, (3rd cir. 1949) 175 F.2d 721.) This rule has been applied in criminal as well as civil actions. (See *Buckley* v. *United States*, (10th cir.) 382 F.2d 611.) One aspect of the rule is that notice to the attorney regarding the status of the lawsuit is considered sufficient notice to the client to satisfy procedural due-process requirements. (*Mullane* v. *Central Hanover Bank and Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652; *Hodes* v. *Foster*, 324 Ill. 615.) It is this aspect of the general rule which defendant specifically attacks, alleging that under the unique circumstances of his case, notice to his attorney of the dismissal of his appeal was not notice to him, and that therefore he was denied due process of law. However, even if we held that notice of this dismissal was inadequate, such holding only goes to the issue of defendant's right to move dilatorily to vacate the dismissal; it does not go directly to the merits of whether such vacation should be granted and his appeal reinstated.

For a representative system of litigation to function, it is self-evident that under most circumstances clients must be bound by the acts of their lawyers. However, it is equally self-evident that a mechanical application of this legal proposition can lead to harsh results repugnant to commonly held notions of justice and fair play. (See Justice Black's dissent in *Link* v. *Wabash Railroad Co.*) These results can be even harsher in a criminal case than a civil one since in

the latter suit the aggrieved client has, in theory, a malpractice action against his attorney for damages, while in the former no attorney can restore his client's lost liberty. This distinction in itself mitigates against inflexibly applying this agency rule to waive substantive rights of defendants in criminal prosecutions. Further mitigation against adhering to an inflexible application of this rule stems from the realization that the dismissal of an action for want of prosecution is within the discretion of the hearing court, with the right to reinstate likewise being a matter of judicial discretion. (*Combs* v. *Steele*, 80 Ill. 101.) Factors relevant to the exercise of this discretion are the subject matter under litigation, the reason for the dismissal, and the consequences thereof. In the instant case the subject matter is the propriety of defendant's criminal trial, the grounds for dismissal, the defendant's attorney's inaction and the consequences thereof—the denial of defendant's right to appeal.

We find the consequence of the dismissal here most significant, for while the right of appeal in a criminal case is not *per se* of constitutional dimension (see *Douglas* v. *California,* 372 U.S. 353, 365, 9 L. Ed. 2d 811, 819, 83 S. Ct. 814), any denial of it is subject to the due-process and equal-protection guarantees of the Federal and State constitutions. Moreover, recent decisions have implemented this right, providing that indigents are entitled to competent appointed counsel on appeal (*Douglas* v. *California*), even where pleas of guilty were made below (*Milani* v. *Illinois,* 386 U.S. 12, 17 L. Ed. 2d 702, 87 S. Ct. 874), and to free transcripts of the trial record. (*Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585.) These decisions reflect courts' concern with providing that any defendant who so desires can obtain at least one full appellate review of his conviction. In keeping with this judicial attitude, and in light of the exceptional circumstances surrounding the defendant's representation at the appellate level, principally the strong inference that his lawyer had

312

no intention of prosecuting his appeal, we hold the instant case is not a proper one for application of the general rule that a client is bound by the acts or failure to act of his lawyer. In so holding, we find it irrelevant whether the attorney was paid for the appeal, since in the event of non-payment his proper remedy would have been to move to withdraw from the case rather than take no action and thereby forfeit defendant's appeal rights. We further find that the defendant himself at no time knowingly waived his right to appeal. It is not disputed that he never received actual notice of the dismissal of his appeal until subsequent to his arrest in August of 1966, or that, promptly thereafter, he retained new counsel to apply to the appellate court for the relief which we deem appropriate.

Accordingly, the order of the appellate court denying defendant's motion to vacate is hereby reversed and the cause is remanded to that court to allow defendant to proceed with his appeal, including the resubmission of his motions for an appeal bond and a free transcript of the trial record.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.