THE PEOPLE ex rel. ROY ANDERS, County Treasurer, Plaintiff-Appellee, v. BURLINGTON NORTHERN, INC., Defendant-Appellant.

(Nos. 74-71, 72, 73 cons.;

Third District—September 15, 1975.

Kritzer, Stansell & Critser, of Monmouth (Richard L. Whitman, of counsel), for appellant.

LaMarr W. Evans, State's Attorney, of Oquawka, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

These actions arise from the tax objections of the Burlington Northern, Inc., the defendant. The circuit court of Henderson County dismissed these objections and appeal was taken from that order. Subsequently, the trial court dismissed the original appeal pursuant to Supreme Court Rule 309. The defendant's amended notice of appeal is predicated on both of these rulings.

Objections to the taxes assessed by the taxing units in Henderson County were timely filed by the defendant-railroad for 1968, 1969 and 1970. The defendant's tax objections for 1968 were originally assigned to Judge Earle Kloster. A petition for change of venue, alleging prejudice of the judge against the railroad, was filed. This petition was granted on October 31, 1969, and the 1968 objections were assigned to Judge Scott Klukos. No petition for change of venue was made with respect to the cases involving the 1969 and 1970 objections.

Following hearings held on November 9, 1972, and November 27, 1972, the tax objections of the defendant were dismissed for failure to pay all tax installments due for the years 1968, 1969 and 1970. The People had not filed a motion to dismiss. An order signed by Judge Kloster was entered on November 29, 1972, dismissing defendant's objections with prejudice.

The defendant failed to pay the following amounts assessed against it: $19.42 for 1968; $19.84 for 1969; and $21.10 for 1970. Defense counsel urged that the railroad was justified in failing to pay these amounts because it had abandoned the right-of-ways which were the basis for these unpaid taxes.

The notice of appeal from the dismissal of the 1968, 1969 and 1970 tax objections was filed on December 11, 1972. On December 22, 1972, the defendant filed a praecipe requesting the clerk to prepare the record on appeal.

A bond covering "all costs" on appeal was filed by the defendant on February 28, 1973. Judge Kloster did not approve this bond because he had directed the defendant to file a bond for appeal costs in the amount of $500. In addition, the clerk was directed by Judge Kloster not to prepare the record until the appeal bond was approved. (In fact, the record on appeal was not prepared by the clerk until March 22, 1974, after the defendant filed another praecipe.)

On August 20, 1973, a hearing was held on the appeal bond. At that hearing, Judge Kloster dismissed the defendant's appeal from the dismissal of its 1968, 1969 and 1970 objections. Three reasons were given for this ruling by the court in its order entered on August 27, 1973: (1) failure to file the record on appeal as required by Supreme Court Rule 309 (Ill. Rev. Stat., ch. 110A, par. 309); (2) failure to file an appeal bond

within 30 days of the order from which the appeal was taken; and, (3) the appeal was taken to the wrong court.

On September 25, 1973, the defendant moved in all three cases for a change of venue because it believed Judge Kloster was prejudiced against it. On the same day, the defendant also moved to vacate the order dismissing its appeal.

Following a hearing, the petition for change of venue was denied by Judge Kloster. By docket entry, Judge Kloster indicated that no appeal bond would be required for any of these three cases.

The defendant's amended notice of appeal is directed towards both the initial order, entered on November 29, 1972, dismissing the tax objections and the subsequent order, entered on August 27, 1973, dismissing the appeal.

As a preliminary matter, we must decide whether the trial court erred when it dismissed the defendant's appeal. We believe the appeal was improperly dismissed.

First, the appeal should not have been dismissed for failure to file the record on appeal.

■■ Judge Kloster found that "the record on appeal was not filed within 63 days after filing notice of appeal on December 11, 1972 and that 35 days have passed after the expiration of the time to file the record in the reviewing court and that no motion for extension of time has been filed." Accordingly, the trial judge dismissed the appeal pursuant to Supreme Court Rule 309 (Ill. Rev. Stat., ch. 110A, par. 309).

It is clear however, that the record on appeal was not timely filed due to the defendant's neglect, but rather to the trial judge's direction to the clerk not to prepare the record until the appeal bonds were approved. We find it difficult to understand why the trial judge refused to approve a bond covering all costs. In these circumstances, the trial judge's disapproval constituted an abuse of discretion. See *People ex rel. Methodist Deaconess Orphanage v. Leach*, 285 Ill.App. 19, 1 N.E.2d 546.

■■ Second, the failure to file an appeal bond within 30 days of the filing of the order appealed from is not a sufficient reason to dismiss an appeal.

■■ An appeal is perfected when the notice of appeal is filed in the lower court and no other step is jurisdictional. Thus, filing an appeal bond is not a requisite to perfection of an appeal, nor is the failure to so file jurisdictional. *Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 345, 226 N.E.2d 858.

■■ Third, article 6, section 4(a) of the 1970 Illinois Constitution does not require that this appeal be taken directly to the Illinois Supreme Court. Even if this appeal had to be taken to the supreme court, that

would not be ground for dismissal since the appropriate procedure would then be to transfer to the appellate court pursuant to Supreme Court Rule 365 (Ill. Rev. Stat., ch. 110A, par. 365).

Because we believe that the trial court erred when it dismissed the defendant's appeal, we proceed to the defendant's other arguments.

The defendant contends that Judge Kloster was without power to enter the dismissal order of November 29, 1972, or any subsequent order due to the allowance of defendant's petition for a change of venue. Defendant's claim must be sustained.

■■ It is well established that where a petition is filed for a change of venue, in proper form and in due time, based on the alleged prejudice of the judge before whom the matter is pending, the court is without power to render any further order except in connection with the order allowing the change of venue. *Chrysler Credit Corp. v. M.C.R. Leasing Co.*, 114 Ill.App.2d 43, 251 N.E.2d 648.

Consequently, the dismissal of the objections to the 1968 taxes, for which the motion for change of venue was granted, must be reversed.

Although no petition for change of venue was filed with respect to the 1969 and 1970 taxes and Judge Kloster was therefore not without power to dismiss these objections on November 29, 1972, we believe that in the present state of the record, it would be unwise to consider these claims on the merits.

First, since the cause involving the dismissal of the objections to the 1968 taxes must be remanded, to now consider the 1969 and 1970 objections on the merits would result in piecemeal litigation. Second, the People's brief does not respond directly to the defendant's claim of abandonment, but asserts that defendant failed to exhaust its administrative remedies. Because no motion to dismiss was filed by the People, the record is unclear whether this matter was urged before the trial court.

We therefore accordingly remand the cause to the circuit court of Henderson County for further proceedings with directions that appellant's motion for change of venue be granted.

Remanded with directions.

ALLOY and BARRY, JJ., concur.