THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HENDERSON (Impleaded), Defendant-Appellant.

(No. 12867; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—October 30, 1975.

▮▮▮▮▮▮▮▮▮▮▮▮

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant was convicted, by a jury, of burglary. He contends that the trial court improperly denied the motion to suppress admissions which defendant alleges were the "fruits" of his unlawful arrest.

A burglary occurred at the Springfield Housing Authority office in Springfield, Illinois, on August 2, 1973. At the suppression hearing, several Springfield police officers testified. Officer Simon testified that an employee of the Housing Authority approached him at the scene and told the officer that he had heard two men by the names of Tack and Dulap say they committed the burglary. The officer believed the information to be accurate because the informer also knew approximately how much money had been stolen, which knowledge was not generally available. Simon contacted Detective Harvell and the security guard at the Housing Authority and passed on the names.

Detective Harvell testified that at the time he received the information he did not connect the name Dulap with defendant Henderson. He next testified that defendant was interrogated at the Springfield Police Department in the early afternoon of August 2, 1973. *Miranda* warnings were given. At that time defendant denied the charges. Harvell stated

he did not know how defendant arrived at the police station but believed that the security guards of the Housing Authority had brought him in. Harvell also stated that he did not, at the time or presently, know Henderson as Dulap but that possibly other officers at the station or the security guards knew this.

Shortly after defendant's arrival at the police station, his fingerprints were compared with a fingerprint taken from the scene. The fingerprint was identified as defendant's. This occurred at some time between 3 p.m. and 3:30 p.m.

The next witness, Lieutenant Dickerson, testified that he first talked to defendant at approximately 9 p.m. Confronting defendant with the fingerprint identification, the officer urged him to confess. Defendant said he would think about it. About 12:30 a.m., August 3, 1973, Dickerson was informed by the jailer that defendant wished to talk to him. In the subsequent conversation defendant admitted his participation in the burglary. These are the statements defendant desired to suppress.

Defendant argues that there was no probable cause for arrest because no one at the hearing could connect the name given by the informer with the defendant. Therefore, he argues, statements, fruits of that arrest, must be suppressed.

We need not decide whether the arrest was unlawful because we hold that, even if it was, the connection between the arrest and the statements was sufficiently attenuated so as to purge the taint.

In *Wong Sun v. United States* (1963), 371 U.S. 471, 9 L.Ed.2d 441, 83 S.Ct. 407, the Supreme Court held that statements which were the result of an unlawful arrest or invasion must be suppressed in order to protect the Fourth Amendment rights of defendant. However, they also stated:

> "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959)." 371 U.S. 471, 487-88, 9 L.Ed.2d 441, 455, 83 S.Ct. 407, 417.

The pertinent question is whether the statements resulted from an independent intervening act of free will.

In the recent case of *Brown v. Illinois*, — U.S. —, 45 L.Ed.2d 416, 95 S.Ct. 2254, the Supreme Court discussed the factors which must be considered. Important considerations are the giving of *Miranda* warnings,

the temporal proximity of the illegal arrest and the statements, any intervening circumstances, and the purpose and flagrancy of official misconduct. All of these factors combine in the present case to conclusively establish that the statements made by defendant are admissible. Several police officers testified *Miranda* warnings were given. Particularly important in the case at bar are the intervening circumstances. Shortly after defendant's arrest, his fingerprints were matched with those at the scene. It was not until after defendant had been presented with this evidence that he made the admissions. The statements were not made until nine hours after the arrest and approximately that time after the officers would clearly have had probable cause for arrest. In addition, this is not a case of flagrant official misconduct.

For these reasons we hold that the judgment of the circuit court of Sangamon County should be affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.