THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM McMANUS, Defendant-Appellant.

Third District   No. 78-157

Opinion filed December 29, 1978.

Patrick J. McNamara, of Schenk, Andreano, Duffy, Quinn, McNamara &
Phelan, of Joliet, and Robert H. Adcock, of Adcock & Hanson, Ltd., of Morris, for
appellant.

Charles R. Zalar, State's Attorney, of Morris (John X. Breslin, of State's
Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Grundy County Circuit Court
dismissing a petition filed by defendant William McManus pursuant to
section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72).

On October 26, 1976, defendant William McManus was charged by
information with the delivery of a controlled substance (cocaine) in
violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev.
Stat. 1975, ch. 56½, par. 1401). Defendant was found guilty of the charge
on March 22, 1977, in a jury trial. He was released on $50,000 bond
pending sentencing.

On March 28, 1977, defendant was sentenced to 2 to 6 years in the

penitentiary. On the same day, the attorneys for the defendant, Donald Ross and Stanley Disani, filed a notice of appeal on behalf of defendant. The notice of appeal gave defendant's address as 6400 S. Claremont, Chicago, Illinois.

On December 5, 1977, more than 7 months later, the State's Attorney of Grundy County filed a motion in the Circuit Court pursuant to Supreme Court Rule 309, asking for the dismissal of defendant's appeal for the reason that more than 6 months had passed since the date of the notice of appeal and in view of the fact that the record had not been filed in the appellate court. A copy of the motion was sent to Ross and Disani. The attorneys were also notified that the hearing on the motion would be held on December 20, 1977. Copies of the motion and notice were also sent to the defendant at an address different from the Chicago address provided in the notice of appeal.

No one appeared for the defense at the December 20 hearing and, as a result, the State's motion was granted which dismissed defendant's appeal. The circuit court also issued a warrant for the arrest of defendant. Defendant was arrested and brought before the court on February 28, 1978, at which time defendant was represented by a different attorney. The court stayed the mittimus until March 3, 1978.

On March 3, 1978, defendant filed a verified section 72 petition which requested that the court vacate the order entered on December 20, 1977, dismissing the appeal of defendant. The verified petition of defendant stated that defendant had "contacted" attorney Ross on at least five occasions after his sentencing and that Ross told defendant that his appeal was in process. Defendant also stated that he had never resided at the address to which the notice of the December 20 hearing and the copy of the motion to dismiss the appeal were sent. Defendant stated he had no notice of any kind of the December 20 hearing and that defendant believed that his appeal had been perfected because of statements made to him by attorney Ross.

In opposing defendant's petition, the State on March 3, 1978, filed a motion to dismiss defendant's section 72 petition. The court granted the State's motion on March 3, 1978, and defendant was then sent to the Department of Corrections on the mittimus, which had been stayed previously. On March 20, 1978, defendant filed a notice of appeal from the order of the circuit court dismissing the section 72 petition. According to the brief filed by the State, defendant filed a motion for bail pending appeal on April 20, 1978, and stated in such motion that defendant had also intended to proceed by way of petition under the Post-Conviction Hearing Act.

The basic question before this court, on appeal, is whether, as a result

of the peculiar circumstances of this case, the defendant should be allowed to pursue a late direct appeal. If we so determined, it would be necessary to reverse the trial court order dismissing the section 72 petition and the previous order of the trial court dismissing defendant's appeal.

■■ The supreme court of this State has determined that the purpose of a section 72 motion or petition is to permit the vacation of judgments where facts existed which, had they been known at the time the judgment was entered, would have prevented the rendition of the judgment. (*People v. Hinton* (1972), 52 Ill. 2d 239, 243, 287 N.E.2d 657, 659.) As applied in the instant case, the question is presented as to whether any facts existed on December 20, 1977, the day of the order dismissing defendant's appeal which, had such facts been known, would have caused the court not to enter the dismissal order.

The motion to dismiss defendant's appeal, filed by the State, was filed pursuant to Supreme Court Rule 309 (Ill. Rev. Stat. 1977, ch. 110A, par. 309). This Rule states that "before a case is docketed in the reviewing court, the trial court may dismiss the appeal of any party * * * if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court." (Supreme Court Rule 612 applies Rule 309 to criminal cases "insofar as appropriate.") Theoretically, on the basis of the record before the trial court at the time of the entry of the order of December 20, 1977, the order dismissing the appeal would have been properly entered.

In *People ex rel. Anders v. Burlington Northern, Inc.* (3d Dist. 1975), 31 Ill. App. 3d 1001, 335 N.E.2d 102, the defendant filed a notice of appeal on December 11, 1972, and, on December 22, 1972, he filed a praecipe requesting the clerk to prepare the record on appeal. Defendant later filed a bond but the court failed to approve the bond and ordered the clerk not to prepare the record until the appeal bond was approved. Thereafter, on August 20, 1973, the court dismissed the defendant's appeal pursuant to Rule 309 for failure to file the record on time. This court reversed the dismissal order because the failure to file the record in timely fashion was due not to defendant's neglect but, rather, due to the trial judge's direction not to prepare the record until the appeal bond was approved. This court found that the trial judge's refusal to approve the bond was an abuse of discretion. *People ex rel. Anders v. Burlington Northern, Inc.* (3d Dist. 1975), 31 Ill. App. 3d 1001, 1003, 335 N.E.2d 102, 105.

Although the reason for failure to file timely in the instant case was not the fault of the trial judge, it was also not due to the defendant's neglect. Had the court known of this circumstance at the time it

considered the State's motion to dismiss, it could have denied the motion to dismiss. *People ex rel. Anders v. Burlington Northern, Inc.* (3d Dist. 1975), 32 Ill. App. 3d 1001, 335 N.E.2d 102.

Although section 72 of the Civil Practice Act may not specifically be intended to relieve a litigant of incompetence of counsel and the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) is intended to provide such relief, we have supplementary considerations in this case based on three decisions rendered by the Illinois Supreme Court in which appeals were dismissed by reason of a failure of counsel to file briefs on time. In all three cases, the appeal had been dismissed by the appellate court and the supreme court ordered the appeal reinstated. In *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562, the case which is most similar to the instant case, defendant was found guilty of pandering on July 31, 1964, and asked his retained counsel to appeal. The attorney filed notice of appeal in the trial court, paid the docketing fee and filed the record in the appellate court on January 18, 1965. No other action was taken on behalf of the defendant in the appellate court. On May 20, 1965, the clerk informed the court that he had called and left messages for the attorney on three or four occasions but had never received a return call and the court on its own motion thereupon dismissed the appeal for want of prosecution.

Defendant in the *Brown* case was subsequently arrested and incarcerated. He obtained new counsel and filed the motion in the appellate court to vacate the dismissal. The defendant charged in the motion that he had no notice of the appellate court's action dismissing the appeal until his arrest. The appellate court denied the motion. In the supreme court opinion, the supreme court stated:

> "For a representative system of litigation to function, it is self-evident that under most circumstances clients must be bound by the acts of their lawyers. However, it is equally self-evident that a mechanical application of this legal proposition can lead to harsh results repugnant to commonly held notions of justice and fair play." (*People v. Brown* (1968), 39 Ill. 2d 307, 310, 235 N.E.2d 562, 565.)

The court in the *Brown* case also noted that:

> "* * * while the right of appeal in a criminal case is not *per se* of [federal] constitutional dimension [citation], any denial of it is subject to the due-process and equal-protection guarantees of the Federal and State constitutions." (*People v. Brown* (1968), 39 Ill. 2d 307, 311, 235 N.E.2d 562, 565.)

The court noted the United States Supreme Court decisions holding that indigents are entitled to a free transcript and, also, to appointed counsel

on appeal. The court concluded that these decisions reflected the United States Supreme Court's concern with providing that any defendant, who desires one full appellate review of his conviction, should be able to have one. In keeping with this judicial attitude and in light of the exceptional circumstances of the case, the court decided not to apply the general rule that a client is bound by the acts or omissions of his attorney and ordered the defendant's appeal reinstated. It was also noted by the court that defendant had not knowingly waived the right to appeal at any time. The *Brown* court did not require a showing by defendant that the issues he intended to raise on his direct appeal were patently meritorious. The court, in fact, did not even mention the substantive issues of defendant's direct appeal.

In *People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555, the defendant's attorney failed to file a brief or abstract and the appellate court dismissed the appeal. The Illinois Supreme Court held that the case was governed by *Brown* because it appeared that the appeal had been dismissed solely due to the neglect of the defendant's attorney. The court reinstated the appeal.

Thereafter, in *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161, the defendant, after having been found guilty of murder, was sentenced to a prison term on December 21, 1970. Notice of appeal was filed in the trial court and the report of proceedings was filed in the appellate court within the permitted time. Nothing further transpired in the appellate court until January 26, 1972, when the court, on its own motion, dismissed the appeal for failure of defendant to file brief and abstract. The defendant, who was serving his prison sentence, was not informed of this until August 1, 1974, at which time he requested that a public defender be appointed for him. The appointed public defender then filed a motion to vacate the dismissal order, which was denied by the appellate court. The supreme court concluded that:

> "[I]t appears that the defendant has been deprived of his right to direct appeal as a consequence of circumstances over which he had little, if any, control." *People v. Jacobs*, 61 Ill. 2d 590, 592, 338 N.E.2d 161, 162.)

The court ordered the appeal reinstated without any requirement that the defendant show the issues he would raise on direct appeal were clearly meritorious.

■■ The defendant in the instant case (like the defendant in *Jacobs*) was deprived of his right to direct appeal as a consequence of circumstances over which he had little, if any, control. The facts in the instant case, weigh in favor of reinstatement of the direct appeal as much or more than the facts of the three Illinois Supreme Court cases to which we have referred. Instantly, the defendant made diligent inquiries as to the

progress of his appeal and he was assured by his attorney that the appeal was "in process," even though nothing was being done. To deny the defendant his constitutional right to a direct appeal would appear to be contrary to the mandate of the Illinois Supreme Court.

It is apparent that, procedurally, if this court would affirm the dismissal of the section 72 motion and require defendant to file a post-conviction petition in the circuit court, defendant would be subjected to delay and to limited inquiry, in the scope of the appeal which would be considered at that time. On the basis of the Illinois precedents, we have determined that the order dismissing defendant's appeal be vacated and that defendant's notice of appeal be reinstated. We also direct that the time for filing of report of proceedings, the record, and the briefs and abstract on behalf of defendant, shall be determined in accordance with the Supreme Court Rules and calculated as if the notice of appeal was filed on the date of this opinion. We observe that in *People v. Jacobs*, to which we have referred, the defendant had filed a motion to vacate the order dismissing the appeal more than 2½ years after the dismissal. Although the appellate court there had denied the motion, the supreme court ruled that the motion should have been granted. In the instant case, a 2½-year period from the date of the order dismissing defendant's appeal will not have elapsed until June 30, 1979.

For the reasons stated, therefore, the order of the Circuit Court of Grundy County, of December 20, 1977, dismissing defendant's appeal is vacated, and the order of March 3, 1978, dismissing defendant's petition in this cause, is likewise vacated. Defendant and the State, as parties in the instant action, are directed to proceed with the appeal, as if notice of appeal was filed on the date upon which this opinion is filed.

Orders vacated and directions as to procedure on appeal specified.

SCOTT, P. J., and STENGEL, J., concur.