NOTICE
Decision filed 11/19/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230783-U

NO. 5-23-0783

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CJ INVESTMENT PROPERTIES, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-CH-204 |
| | ) | |
| EXPRESS MEDICAL CARE, LLC, | ) | |
| KEVIN M. HAZLETT, DEBBIE J. HAZLETT, | ) | |
| and CITI MORTGAGE INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Express Medical Care, LLC, Kevin M. Hazlett, and | ) | Julie K. Katz, |
| Debbie J. Hazlett, Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm where the circuit court did not err by granting plaintiff's motion for summary judgment.

¶ 2    The St. Clair County circuit court entered a default judgment in favor of plaintiff, CJ Investment Properties, LLC, and against defendants, Express Medical Care, LLC and Kevin M. Hazlett. Plaintiff filed a judgment lien on personal property owned by defendants Kevin Hazlett and Debbie Hazlett. Plaintiff subsequently filed a complaint for foreclosure on the lien, as well as a motion for summary judgment. The circuit court granted the motion for summary judgment, in part, and entered a judgment of foreclosure. Defendants appeal each of the court's orders, arguing

1

that they are not personally liable for the debts of Express Medical Care, LLC. For the following reasons, we affirm.

¶ 3                                     I. Background

¶ 4      On November 2, 2020, plaintiff filed a first amended four-count complaint against defendants Express Medical Care, LLC and Kevin Hazlett in St. Clair County (case No. 19-AR-547). In count I, plaintiff, a business engaged in the leasing and development of commercial real estate, alleged that Express Medical Care, LLC breached its lease agreement with plaintiff and defaulted on said lease. Plaintiff requested that the circuit court find defendants in default and award plaintiff "back rent and penalties including [plaintiff's] cost and attorney's fees and interest, in an amount in excess of $155,000.00, pursuant to the lease agreement and for any further relief this court deems just." In count II, plaintiff alleged that Express Medical Care, LLC and Kevin Hazlett signed a promissory note in the amount of $15,342.90 for real estate property taxes and requested a "judgment pursuant to the promissory note against Defendant Express Medical Care, LLC and Kevin Hazlett including [plaintiff's] cost and attorney's fees and interest, in an amount in excess of $155,000.00, pursuant to the note and for any further relief this Court deems just." In count III, plaintiff alleged that Kevin Hazlett signed a guarantee agreement with plaintiff to pay the promissory note for real estate property taxes in the principal amount of $15,342.90 and that Kevin Hazlett had refused to make the payment. Plaintiff demanded immediate payment upon the guarantee and sought "damages, including [plaintiff's] costs and attorney's fees and interest, in an amount in excess of $155,000.00, pursuant to the Guarantee Agreement and for any further relief this Court deems just." Count IV of the complaint made identical allegations to the allegations set forth in count II of the complaint.

¶ 5       On January 22, 2021, plaintiff filed a joint motion for default judgment, judgment on lease, and possession. Plaintiff alleged that neither defendant filed a responsive pleading to the complaint and that defendants were in default.

¶ 6       On April 1, 2021, following a hearing,[1] the circuit court entered a written order that provided as follows:

> "Plaintiff's motion for default judgment and possession is hereby Granted. Judgment in favor of plaintiff CJ Investment Properties LLC and against Defendants Express Medical Care, LLC and Kevin Hazlett in the amount of $217,709.70. Plaintiff is Granted possession of the premises located at 5031 North Illinois, Fairview Heights, IL. Eviction of Defendants is stayed for 30 days from today's date."

¶ 7       On August 6, 2021, plaintiff recorded a judgment lien with the St. Clair County Recorder of Deeds. Plaintiff recorded the judgment lien "on real estate and any improvement owned by Kevin Hazlett based on a Judgment in favor of CJ Investment Properties LLC against Kevin Hazlett and others on April 1, 2021, in the Circuit Court of St. Clair County, Illinois in the amount of $217,709.70 (judgment attached)."

¶ 8       On December 22, 2021, plaintiff filed a complaint against, *inter alia*, defendants, Kevin and Debbie Hazlett in St. Clair County (21-CH-204).[2] Plaintiff alleged that defendant Kevin Hazlett owned Express Medical Care, LLC and that he signed a personal guarantee. Plaintiff alleged facts detailing the prior litigation in case No. 19-AR-547, including the fact that the circuit court entered a judgment on April 1, 2021, in favor of plaintiff and against defendants Kevin Hazlett and Express Medical Care, LLC in the amount of $217,709.70. Plaintiff alleged that the

---

[1]A transcript from the hearing has not been included in the record on appeal. It appears from the record that defendant Kevin Hazlett, also a practicing attorney, appeared at the hearing.
[2]Express Medical Care, LLC was not a named defendant in the complaint.

3

judgment remained unpaid despite numerous attempts to contact Kevin Hazlett. Plaintiff alleged that it filed a judgment lien against an O'Fallon, Illinois, property owned by Kevin and Debbie Hazlett on August 6, 2021. Plaintiff requested, *inter alia*, a judgment to foreclose on the $217,709.70 lien upon the premises owned by the Hazletts plus attorney fees, court costs, and expenses.

¶ 9    On December 12, 2022, plaintiff filed an amended judgment lien. The amended judgment lien contained the same information as the judgment lien previously filed on August 6, 2021.

¶ 10    On January 25, 2022, defendant Kevin Hazlett, also a practicing attorney, entered an appearance on behalf of himself and Debbie Hazlett. Also on that date, Kevin Hazlett filed an answer to the complaint, denying the allegations that he "owned a business called Express Medical Care, LLC" and that he "signed a personal guarantee." The answer alleged that neither the previously entered default judgment nor the judgment lien filed by plaintiff reflected "the apportionment of the judgment among/between the defendants." Kevin and Debbie Hazlett further denied that plaintiff was entitled to a $217,709.70 lien on their property plus interest, attorney fees, court costs, and expenses. Thus, Kevin and Debbie Hazlett requested that the circuit court deny plaintiff's prayer in its entirety.

¶ 11    On April 1, 2022, the circuit court granted plaintiff leave to file a first amended complaint to add defendant Citi Mortgage Inc., the company that owned the mortgage on the property owned by the Hazletts. Plaintiff filed the first amended complaint on July 19, 2022, adding Citi Mortgage Inc. as a defendant.

¶ 12    On October 3, 2022, the attorney for defendant Citi Mortgage Inc. filed an entry of appearance. On October 25, 2022, Citi Mortgage Inc. filed an answer and affirmative defenses.

4

Citi Mortgage Inc. alleged that there was no legal basis for plaintiff's judgment to take priority over its mortgage on the property.

¶ 13    On December 14, 2022, plaintiff filed a motion for summary judgment. Plaintiff alleged facts detailing the prior litigation in case No. 19-AR-547. Plaintiff alleged that "no one ever entered their appearance or filed a responsive pleading on behalf of either Defendant Express Medical Care LLC or Kevin Hazlett." Plaintiff alleged that it filed a motion for default judgment against defendants on January 22, 2021. Plaintiff alleged that a hearing was held on the motion on March 31, 2021, and that defendant Kevin Hazlett appeared at the hearing. Plaintiff alleged that defendants never challenged the default order, filed a motion to reconsider, or otherwise attempted to overturn the judgment. Plaintiff sought an order "pursuant to 735 ILCS 5/12-101" for an accounting to determine the amount owed to plaintiff, appointing a receiver, and requiring that the real estate be sold after payment of any superior liens with the equity to be transferred to plaintiff.

¶ 14    On February 10, 2023, following a hearing, the circuit court took the motion for summary judgment under advisement. The court ordered defendants to submit caselaw within seven days on the issue of joint and several liability.

¶ 15    On February 21, 2023, the circuit court entered an order granting plaintiff's motion for summary judgment, in part, and denying the motion, in part. The court granted the motion in that plaintiff was entitled to a judgment of foreclosure and denied the motion in that plaintiff was not entitled to an accounting or a receivership.

¶ 16    On March 13, 2023, defendants Kevin and Debbie Hazlett filed a motion to reconsider. The circuit court denied the motion on August 21, 2023. The circuit court entered a judgment of foreclosure on August 31, 2023.

5

¶ 17    On September 29, 2023, defendants filed a notice of appeal from the April 1, 2021, February 21, 2023,[3] and August 31, 2023, orders of the circuit court.

¶ 18                                    II. Analysis

¶ 19    On appeal, defendants argue that they are not personally liable for the debts of Express Medical Care, LLC and, thus, request that this court reverse the orders entered by the circuit court after April 1, 2021; that this court "hold that the April 1, 2021, Order finds that Kevin and/or Debbie Hazlett [are] liable for the debt of the limited liability company"; and that this court vacate the lien on their property. Plaintiff responds by raising various arguments that this court lacks jurisdiction to entertain defendant's appeal.

¶ 20    We begin by addressing plaintiff's arguments pertaining to this court's jurisdiction.[4] See *Johnson v. Fuller Family Holdings, LLC*, 2017 IL App (1st) 162130, ¶ 23 ("We have an independent duty to consider the issue of jurisdiction and dismiss the appeal where our jurisdiction is lacking."). To confer jurisdiction on this court, a party must generally file a notice of appeal within 30 days after the entry of the final judgment from which the appeal is taken or, if a timely postjudgment motion is filed, "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 21    Here, defendants filed a notice of appeal from the April 1, 2021, February 21, 2023, and August 31, 2023, orders of the circuit court. This court lacks jurisdiction to consider the court's

---

[3]We note that defendants list a "February 7, 2023," order in their notice of appeal; however, no order was entered on that date. We presume defendants intended to list the circuit court's February 21, 2023, order granting plaintiff's motion for summary judgment, in part.

[4]We reject plaintiff's argument that defendant's failure to file an appeal bond divested this court of appellate jurisdiction. See *People ex rel. Anders v. Burlington Northern, Inc.*, 31 Ill. App. 3d 1001, 1003 (1975) ("An appeal is perfected when the notice of appeal is filed in the lower court and no other step is jurisdictional. Thus, filing an appeal bond is not a requisite to perfection of an appeal, nor is the failure to so file jurisdictional.").

April 1, 2021, order entered in a separate case (19-AR-547) over three years prior to the instant appeal. Notably, the circuit court entered a default judgment in favor of plaintiff and against defendants Express Medical Care, LLC and Kevin Hazlett in the amount of $217,709.70 on April 1, 2021. Defendants did not file a motion to reconsider, vacate, or set aside the default judgment or otherwise seek to appeal the April 1, 2021, order within 30 days. Accordingly, this court lacks jurisdiction to consider the April 1, 2021, order.

¶ 22     This court does, however, have jurisdiction to consider the February 21, 2023, and August 31, 2023, orders of the circuit court. Plaintiff's December 22, 2021, complaint requested a judgment of foreclosure. The court's February 21, 2023, order granted, in part, and denied, in part, plaintiff's motion for summary judgment. Defendants filed a timely motion to reconsider on March 13, 2023, which the court denied on August 21, 2023. The court then entered a judgment of foreclosure on August 31, 2023. Defendants filed a notice of appeal on September 29, 2023— within 30 days of the entry of the final judgment of foreclosure. Accordingly, this court has jurisdiction to consider the February 21, 2023, and August 31, 2023, orders.[5]

¶ 23     We next find it necessary to comment on several deficiencies in defendants' brief filed with this court. First, we note that defendants failed to include the standard of review for the issue raised on appeal, in violation of Illinois Supreme Court Rule 341(h)(3) (eff. May 25, 2018). Rule 341(h)(3) provides that the appellants "must include a concise statement of the applicable standard of review for each issue, with citation to authority." *Id.* Second, we note that the argument section of defendants' brief fails to fully comply with Rule 341(h)(7), which requires that the argument "contain the contentions of the appellant and the reasons therefor, with citation of the authorities

---

[5]We note that Express Medical Care, LLC was a named party in case No. 19-AR-547 but was not a named party in case No. 21-CH-204. Accordingly, we dismiss Express Medical Care, LLC as a party to the instant appeal.

and the pages of the record relied on."Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). The argument section of defendants' brief fails to include citations to the pages of the record relied on in all necessary places. Moreover, the argument section of defendants' brief fails to reference the law applicable to our review of an order granting a motion for summary judgment or a judgment of foreclosure—the two orders properly before this court on appeal. Defendants provide citation to only two authorities in support of their contention that they are not personally liable for the debts of Express Medical Care, LLC. Thus, we find defendants' brief fails to fully comply with the briefing requirements.

¶ 24    Turning to the merits, we consider whether the circuit court erred by granting plaintiff's motion for summary judgment. A circuit court must grant a motion for summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). "These documents and exhibits are viewed in the light most favorable to the nonmoving party." *Filliung v. Adams*, 387 Ill. App. 3d 40, 53 (2008) (citing *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004)). "On appeal, our standard of review is *de novo*" and "[w]e may affirm the [circuit] court's grant of summary judgment on any ground apparent from the record." *Id.*

¶ 25    Here, plaintiff attached as an exhibit to its motion for summary judgment a copy of the circuit court's April 1, 2021, default judgment order. The April 1, 2021, order provided, in relevant part, as follows: "Judgment in favor of plaintiff CJ Investment Properties LLC and against Defendants Express Medical Care, LLC and Kevin Hazlett in the amount of $217,709.70." Plaintiff also attached as exhibits to its motion copies of the judgment liens it filed with the St. Clair County Recorder of Deeds on August 6, 2021, and December 12, 2022. Accordingly, plaintiff

8

established a default and plaintiff's right to foreclosure. Therefore, we conclude that the circuit court did not err when it granted summary judgment in favor of plaintiff.

¶ 26    In reaching this conclusion, we acknowledge defendants' argument that they "are not personally liable for the debts of Express Medical Care, LLC." We note, however, that we are unable to address this issue on the merits in the instant appeal. The circuit court correctly concluded that the previously entered April 1, 2021, default judgment order clearly and unambiguously provided that both defendants Express Medical Care, LLC and Kevin Hazlett were responsible for the $217,709.70 judgment amount. While defendants direct this court to the original complaint filed in 19-AR-547, we note that this court may not interpret an order in the context of the record unless it finds the plain language of the order ambiguous. See *Purcell & Wardrope, Chartered v. Hertz Corp.*, 279 Ill. App. 3d 16, 21 (1996). We also note that defendants failed to provide a transcript from the hearing on the motion for default judgment. It is well settled that the burden to provide a sufficiently complete record to support his or her claims falls on the appellant. See *Lukanty v. Moglinicki*, 2022 IL App (1st) 210794, ¶ 25 ("It is well settled that the burden to provide a sufficiently complete record to support his or her claims falls on the appellant."). Accordingly, even if this court were to consider the record, the record would be insufficient for this court to conduct a review on the merits.

¶ 27    While we sympathize with defendants, we note that the proper course of action to challenge the April 1, 2021, order would have been to file a motion to vacate, clarify, modify, or reconsider the order within 30 days. See 735 ILCS 5/2-1401 (West 2022). Defendants also could have appealed the April 1, 2021, order within 30 days. However, defendants elected not to pursue any of these courses of action. Defendants, instead, allowed the judgment to remain unpaid, which led

9

to the filing of plaintiff's request to foreclose on the lien on defendants' property. Under these circumstances, this court is unable to conduct a review on the merits.

¶ 28                                    III. Conclusion

¶ 29     For these reasons, we affirm the judgment of the circuit court of St. Clair County.


¶ 30     Affirmed.