## ANNA J. COMBS

*v.*

## JAMES STEELE *et al.*

80　10ĭ
72a 284
80　10ĭ
82a 561
80　101
115a ³568

1. CONTRACTS—*whether joint or several.* Contracts will be construed to be joint or several, as the case may be, where the intent of the respective parties appears on the face of the obligations, and that construction will be adopted which is most consistent with the words employed to express the undertaking of the several parties.

2. A contract by property owners to pay a certain price per foot for paving a street in front of their property, with the number of feet owned by each one set opposite his signature, is a several obligation, by which each one signing agreed to pay for the paving of the definite number of feet in front of his property.

3. COMMON COUNTS—*evidence.* A contract which has been fully performed on the one part, and there is nothing remaining to be done but to pay the money according to the stipulated price in the contract, is admissible in evidence under the common counts.

4. PRACTICE—*reinstating cause.* It is within the discretion of the circuit court to set aside an order of dismissal, and reinstate a cause on the trial calendar at the same term of court at which it was dismissed; and where there has been no such palpable abuse of that discretion as will work manifest injustice, its exercise will not be reviewed in an appellate court.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by the appellees, against the appellant. The declaration contained only the common counts for goods, wares and merchandise sold and delivered, for money paid out and expended, and for work, labor and material.

At the May term, and on the 14th of May, 1874, the suit was dismissed for want of prosecution, and on the 29th of the same month. and during the same term, a motion was entered by plaintiffs to reinstate the cause, which motion was continued to a subsequent term of court, and then sustained, and the judgment of dismissal set aside and the cause placed on the trial calendar.

On the trial, the plaintiffs read in evidence—defendant objecting thereto—the following contract, to-wit:

" We, the undersigned property owners, or agents. agree to pay Steele, McMahon & Steele three dollars and fifty cents per front foot for paving east side of Twenty-third street, in front of our property. Said Steele, McMahon & Steele to furnish all the material, including the filling, lumber, etc., and pave said Twenty-third street with three or four inch pine blocks, with the Stowe foundation pavement, in a good and workmanlike manner, to the satisfaction of the Board of Public Works, under the supervision of W. H. Stowe.

C. FOLLANSBEE, 450 feet.

J. H. BOWERS, 60 feet.

Mrs. ANNA J. COMBS, 127 feet."

Appellees then proved full performance of the contract on their part.

The jury found a verdict for the appellees, and assessed their damages at $444.50, for which amount judgment was rendered, and appellant appealed.

Messrs. HOYNE, HORTON & HOYNE, and Messrs. McDAID, WILSON & PITCHER, for the appellant.

Mr. T. A. MORAN,   for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The contract in evidence obligates the owners, or agents, whose names are appended to it, to pay plaintiffs a certain sum per foot for paving the street in front of their property, each a definite number of feet by them respectively owned. Evidence introduced on the trial shows plaintiffs had done the work. in paving the street, according to the specifications of the contract, in a workmanlike manner, to the satisfaction of the Board of Public Works. On this question, the testimony is quite full. Nothing, therefore, remained to be done but to pay for the work done according to the stipulated price, and the contract was, therefore, admissible in evidence under the common counts.

Contracts will be construed to be joint or several, as the case may be, where the intent of the respective parties appears on the face of such obligations, and that construction will be adopted which is most consistent with the words employed to express the undertaking of the several parties. *Robertson v. March*, 3 Scam. 198; *St. Louis, Alton and Rock Island Railroad Co. v. Coultas*, 33 Ill. 188.

Accordingly it appears, on the face of the contract in evidence, the undertaking of the obligors was several, and it will admit of no other construction consistently with the language employed. Each "undersigned property owner" agreed to pay for the paving of a definite number of feet in front of his property. Should the contract be construed to be a joint obligation, each obligor would be liable for the whole amount of work done under it. Such a construction would do violence to the intention of the parties, as the same plainly appears on the face of the obligation itself.

It was within the discretion of the court to set aside the order of dismissal, and reinstate the cause on the trial calendar. Where there has been no palpable abuse of that discretion with which a court is clothed as will work manifest injustice, its exercise will not be reviewed in an appellate court.

The judgment will be affirmed.

*Judgment affirmed.*