Hilding C. Kjellberg, Appellee, v. Nicholas J. Muno, Appellant.

Gen. No. 44,972.

Opinion filed March 8, 1950. Released for publication April 3, 1950.

EDWARD J. McARDLE, JR., and JAMES G. SHERIDAN, both of Chicago, for appellant.

JOHN A. LINDEN and MICHAEL J. CREIGHTON, both of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On March 10, 1949, Hilding C. Kjellberg filed a complaint in forcible detainer in the county court of Cook county for possession of the premises described as 2448 and 2454 Tuohy avenue, Chicago. He did not state in the complaint the names of the person or persons alleged to be unlawfully withholding possession. On the cover of the complaint he noted the defendants as Nicholas J. Muno and Frank Lawrence. He also directed the summons to these persons. The summons was served on them on March 16, 1949. On March 21, 1949, Frank A. McDonnell and Louis A. Rosenthal filed the appearance of Frank Lawrence and of themselves as his attorneys. On April 4, 1949, James G. Sheridan filed the appearance of Nicholas J. Muno and of himself as his attorney. On May 3, 1949, the attorney for plaintiff gave notice through the mail to attorneys McDonnell and Rosenthal that he would appear in the county court on May 5, 1949, and move that the cause be set for trial. On May 5, 1949, pur-

suant to the notice, the cause was set for trial on June 8, 1949. On June 8, 1949, an order was entered "that the writ of restitution as to defendant, Frank Lawrence, be stayed to July 15, 1949, and that judgment of possession be entered in favor of plaintiff and against defendant Nicholas J. Muno." On June 9, 1949, another order was entered finding the issues in favor of plaintiff, entering judgment against both defendants, staying the writ of restitution as to Frank Lawrence until July 15, 1949, and ordering that the writ issue immediately as to Nicholas J. Muno. Lawrence was in possession of the premises known as 2448 Tuohy avenue and Muno of the premises known as 2454 Tuohy avenue.

On June 22, 1949, Muno filed a verified petition representing that on April 4, 1949, he caused his appearance to be entered in the cause; that on May 5, 1949, plaintiff, without notice to him, had the cause set for trial on June 8, 1949; that he, Muno, had no notice that the cause was set for trial on June 8, 1949; and that by reason thereof he was denied his day in court. He prayed that the orders of June 8, 1949, and June 9, 1949, be vacated as to him and that the writ of restitution be recalled. On June 22, 1949, the court entered defendant's motion to vacate and continued the hearing thereon until June 24, 1949. On June 24, 1949, the court overruled defendant's motion and ordered the writ of restitution stayed until June 30, 1949, "in order that defendant may pray his appeal." On June 27, 1949, Muno filed his notice of appeal to the Appellate Court from the judgments of June 8, 1949, and June 9, 1949, and from the order of June 24, 1949, denying his motion to vacate the judgments, and asked the reversal of the order of June 24, 1949, and the two judgment orders, and that the cause be remanded with directions "to dismiss" as to him. On the same day he served notice on the attorneys for plaintiff that he had

filed a notice of appeal. On June 29, 1949, the court approved the appeal bond. On July 6, 1949, plaintiff filed a motion to dismiss the appeal on the ground that it was not prayed or the bond filed within five days from the rendition of the judgment. Muno filed and gave notice of his praecipe for the record. On July 8, 1949, the court dismissed the appeal for the reason that the appeal was not prayed or the bond filed within five days of the rendition of the judgment. On July 12, 1949, Muno filed a notice of appeal from the order of July 8, 1949, dismissing the appeal and from the order of June 24, 1949, overruling his motion to vacate the judgments, and asked the reversal of the orders of July 8, 1949, and June 24, 1949, and that the cause be remanded with directions to sustain his motion to vacate the judgments and to dismiss the cause as to him. On the same day two bonds were approved, one for $300 and the other for $1,250. On July 13, 1949, plaintiff filed a motion to dismiss the second notice of appeal. The record does not show what disposition, if any, was made of this motion.

Plaintiff, relying on the provisions of sec. 18 of the Forcible Entry and Detainer Act (par. 19, ch. 57, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.279]) that an aggrieved party may have an appeal providing he files notice of appeal and bond within five days from the rendition of the judgment, contends that the notice of appeal was not filed until June 27, 1949, or nineteen days after the judgment was entered. He also maintains that the bond was not in accordance with sec. 19 of the Act (par. 20, ch. 57, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.280]). It is true that the first notice of appeal was from the judgments of June 8 and 9, 1949, and the order of June 24, 1949, overruling his petition to vacate the judgments. It is manifest that Muno had a right to appeal from the order of June 24, 1949, overruling his motion to vacate.

The fact that he mentioned therein the judgment orders may be regarded as surplusage. If he prevailed in his appeal from the order of June 24, 1949, the effect thereof would be carried back to the judgment orders. An order of a trial court dismissing an appeal is a final order. If it were otherwise there could be no review of the trial court's judgment dismissing an appeal. Defendant could not file his notice of appeal until the order of June 24, 1949, was entered. In its essence the appeal was from the order of June 24, 1949, overruling the petition to vacate the judgment orders. Defendant stated, in the notice of appeal, as he had a right to do under Supreme Court Rule 33 [Ill. Rev. Stat. 1949, ch. 110, par. 259.33; Jones Ill. Stats. Ann. 105.33], that he would request the Appellate Court to reverse the order of June 24, 1949, and the judgments of June 8, 1949, and June 9, 1949.

Because the court erred in entering its order of July 8, 1949, dismissing the appeal, it became necessary for Muno, on July 12, 1949, to file a notice of appeal from the order of July 8, 1949. In this second appeal Muno asked that we reverse the order dismissing the first appeal, also the order of June 24, 1949, and that we remand the cause with directions that his petition to vacate the judgments be sustained and that the cause be dismissed as to him.

The report of proceedings shows that on June 24, 1949, the attorney for Muno stated that no notice that the cause would be set for trial was served on his client. The attorney for the plaintiff referred to the appearance entered for Frank Lawrence and stated at the time that the notice was served that the appearance was for Nicholas J. Muno and Frank Lawrence and that the name of Muno was subsequently "scratched out," leaving the appearance with the name of only one defendant, namely, Lawrence. The attorney for Muno stated that McDonnell and Rosen-

137

thal represented only Lawrence and that Sheridan represented Muno and that Sheridan was not served with a notice. The court thereupon announced that he would overrule the motion. The defendant then introduced Mr. Louis A. Rosenthal, who testified that Mr. McDonnell and he represented Mr. Lawrence; that they did not represent Mr. Muno; that they never represented Mr. Muno; that the appearance was in the same condition as it was at the time it was filed; that by error he included the name of Muno; that he scratched out that name; and that he struck out the name of Muno before he filed the appearance. Mr. Rosenthal also testified that when the case was called for trial he stated that he was "appearing for Lawrence only." Mr. Sheridan, a witness for defendant, testified that he represented Muno; that he prepared and filed the appearance for Muno on April 4, 1949; that at that time he paid the required fee to the deputy clerk; that he received a receipt for the fee, a copy of which was introduced; that he did not receive a notice of the motion to set the case for trial; and that he did not have any knowledge that the case was set for trial. The attorney for plaintiff did not cross-examine either witness and did not offer any testimony.

There was no motion to strike defendant's petition to vacate and there was no answer to the petition. In his brief plaintiff states that the appearance of McDonnell and Rosenthal was entered for both defendants and that he gave notice to these attorneys of his motion to have the case set for trial. He also discusses a written agreement which he says his client had with Muno. We are confined to the record. Generally speaking, the record filed for the purpose of appeal imports absolute verity and is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court. 4 C. J. S. Sec. 1143, p. 1618, Appeal and Error. The record certified by the clerk shows

that the attorneys McDonnell and Rosenthal filed an appearance for Frank Lawrence and that attorney Sheridan filed an appearance for Muno. No notice of the motion to set the cause for trial was served on Attorney Sheridan. The testimony of Mr. Sheridan and the verified petition of Muno was to the effect that they had no notice of the trial. Muno therefore did not have his day in court. On the record and under the law it was the duty of the trial court to vacate the judgments.

█ Defendant asks that the action be dismissed because of failure of plaintiff to comply with sec. 5 of the Forcible Entry and Detainer Act [Ill. Rev. Stat. 1949, ch. 57, par. 5; Jones Ill. Stats. Ann. 109.267], in that his client was not named in the complaint as a person unlawfully withholding possession of the premises. Defendant is not in a position to urge this point. He filed an appearance which in effect recognized that he was charged with unlawfully withholding possession of the premises. As he failed to urge this point in the trial court he cannot urge it here.

For the reasons stated the order of the county court of Cook county entered July 8, 1949, dismissing the appeal, is reversed; the order of the county court of Cook county of June 24, 1949, overruling the motion to vacate the judgments of June 8, 1949 and June 9, 1949, is reversed, and the cause is remanded with directions to sustain defendant's motion to vacate (as to Muno) the judgments of June 8, 1949 and June 9, 1949, and for further proceedings not inconsistent with the views expressed.

*Orders reversed and cause remanded with directions.*
LEWE, P. J., and KILEY, J., concur.