(No. 46969.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMALJAH ALIWOLI, Appellant.

*Opinion filed May 19, 1975.*

RYAN, J., dissenting.

Paul Bradley, First Deputy Defender, Office of State Appellate Defender, of Chicago (Rebecca Davidson, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon, Donald M. Devlin, and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The issue on this appeal is whether the appellate court abused its discretion when it denied the defendant's motion to reinstate his appeal. The defendant, Jamaljah Aliwoli, was found guilty on two counts of attempted murder, two counts of aggravated battery and two counts of aggravated assault. He was sentenced on October 14, 1971, and a notice of appeal was filed by his attorney, Lawrence E. Kennon, on October 27, 1971. The record was filed on August 7, 1972. Thereafter, on September 27,

November 15 and December 27, 1972, the defendant's attorney obtained extensions of time to file his brief and abstract. The orders granting each of these extensions indicated that it was the final extension.

The first two motions for extension of time were accompanied by affidavits which stated that Mr. Kennon had been engaged extensively in trial activities and that his schedule included several pending matters "of grave consequences." The attorney's affidavit accompanying the third motion stated:

> "6. That he has his Brief and Abstract completed to give to the printers, Gunthrop-Warren Printing Company, but the printer is back-logged and will be unable to print the same until after Christmas (See attached affidavit). That the matter will be into the court in a very short time after the court's previous deadline and it will be an unconscionable hardship upon appellant to lose his day in court due to the technical and administrative difficulties of counsel.
>
> 7. That this is a final request for an extension of time in which to file his Brief and Abstract and he verily believes that if the court would grant him a final 13 days it would be sufficient time to file his Brief and Abstract herein, and therefore humbly requests that the date for filing the Brief and Abstract be extended to and including January 10, 1973."

The motion was granted. No further extension was sought. On April 11, 1973, the defendant's case came before the appellate court for hearing and determination. In an order entered that day the appellate court noted that no abstracts and briefs had been filed by the defendant, and ordered the appeal dismissed.

On July 2, 1974, the office of the State Appellate Defender moved to reinstate the defendant's appeal. The motion alleged that in April of 1974 it was brought to the defendant's attention that his appeal had been dismissed and that the dismissal was due to want of prosecution resulting from the negligence of the attorney of record. The appellate court denied the motion to reinstate, and we

granted leave to appeal.

In our opinion this case is governed by our decision in *People v. Brown* (1968), 39 Ill.2d 307, which involved a factual situation very similar to this case. In *Brown,* the defendant had filed with the appellate court a motion to vacate the dismissal of his appeal; he alleged that he had no knowledge of his attorney's inaction and no knowledge that his appeal had been dismissed until he was arrested 15 months after the dismissal. We stated:

"For a representative system of litigation to function, it is self-evident that under most circumstances clients must be bound by the acts of their lawyers. However, it is equally self-evident that a mechanical application of this legal proposition can lead to harsh results repugnant to commonly held notions of justice and fair play. (See Justice Black's dissent in *Link v. Wabash Railroad Co.*) These results can be even harsher in a criminal case than a civil one since in the latter suit the aggrieved client has, in theory, a malpractice action against his attorney for damages, while in the former no attorney can restore his client's lost liberty. This distinction in itself mitigates against inflexibly applying this agency rule to waive substantive rights of defendants in criminal prosecutions. Further mitigation against adhering to an inflexible application of this rule stems from the realization that the dismissal of an action for want of prosecution is within the discretion of the hearing court, with the right to reinstate likewise being a matter of judicial discretion. (*Combs v. Steele,* 80 Ill. 101.) Factors relevant to the exercise of this discretion are the subject matter under litigation, the reason for the dismissal, and the consequences thereof. In the instant case the subject matter is the propriety of defendant's criminal trial, the grounds for dismis-

sal, the defendant's attorney's inaction and the consequences thereof—the denial of defendant's right to appeal." 39 Ill.2d 307, 310-11.

In this case as in the *Brown* case, the appellate court abused its discretion when it denied the defendant's motion to reinstate his appeal. From the available documents it appears that the appeal was dismissed solely due to the neglect of the defendant's attorney. In the attorney's last motion for an extension, he represented to the appellate court that the brief and abstract were completed and that they would be filed as soon as they were printed. Yet no further action was taken by the attorney during the three months that followed the expiration of that extension. The record discloses only an unexplained silence on the part of the defendant's attorney after the final extension of time was granted. From the facts available to us it would appear that the defendant's attorney was guilty of negligence in prosecuting this appeal. We are referring the facts in this case to the Attorney Registration and Disciplinary Commission for investigation and possible action.

The State's objection to the defendant's motion to reinstate asserted "that the defendant, by his procrastination and by that of his attorney, has waived his right to appeal the judgment of the trial court in the above captioned case." The record does not support the assertion that the defendant was responsible for the delay in prosecuting his appeal.

The order of the appellate court dismissing the appeal is reversed, and the cause is remanded to that court with directions to reinstate the defendant's appeal.

*Reversed and remanded, with directions.*

MR. JUSTICE RYAN, dissenting:

I cannot agree that from the record in this case it can be said that the appellate court abused its discretion when it denied defendant's motion to reinstate his appeal.

There can be no argument with the majority's conclusion that the defendant's attorney was guilty of negligence in prosecuting the appeal, and I agree that his conduct should be investigated by the Attorney Registration and Disciplinary Commission. I do not believe, however, that after the appellate court had dismissed the appeal because of such conduct, it should reinstate the appeal in the absence of a showing that there are some issues of merit to be considered on review. The sole issue urged by the defendant in this court is that he had no knowledge of the negligence of his counsel and that it would be unfair to deny him the right to appeal where he at no time knowingly waived this right.

In *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, the Supreme Court held that upon the filing of an appropriate motion by defense counsel, the court may permit counsel to withdraw and dismiss the appeal. This court approved such a dismissal in *People v. Jones,* 38 Ill.2d 384. I think that the newly appointed defense counsel in our case should at least have shown the appellate court that its order reinstating the appeal pursuant to motion would not be followed by an *Anders* motion to withdraw and to dismiss the appeal.

We have held that it is proper to seek relief for inadequate representation of counsel on appeal under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.;* see *People v. Frank,* 48 Ill.2d 500). However, if the defendant were here seeking relief under the Post-Conviction Hearing Act for inadequate representation of counsel, he would be required to show more than that his counsel was incompetent. He would also have to establish that he was substantially prejudiced by the inadequate representation. *People v. Thomas,* 51 Ill.2d 39, 44; *People v. Witherspoon,* 55 Ill.2d 18, 21.

Under our Rule 606(c) (50 Ill.2d R. 606(c)) a reviewing court may grant a defendant leave to file a late notice of appeal within six months of the expiration of the

time for filing the notice of appeal "by a showing by affidavit that there is *merit* \*\*\*." (Emphasis added.)

A motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) is an appropriate remedy in criminal cases, but relief will be granted only when the motion contains allegations which, if established, would have prevented the entry of the judgment against the defendant. (*Williams v. People,* 31 Ill.2d 516; *People v. Bishop,* 1 Ill.2d 60.) A motion under section 72 to vacate a judgment in a civil case must show that the defendant has a meritorious defense. See *Bartolini v. Popovitz,* 108 Ill. App. 2d 89; *Marks v. Gordon Burke Steel Co.,* 14 Ill. App. 3d 191.

A trial court may vacate or modify a judgment of conviction upon motion of the defendant made during the time that the court retains power to vacate or modify its judgment. However, the motion must be sufficiently supported by the record and affidavits or it will be denied. If the motion is based upon facts not appearing of record, it must be supported by affidavit reciting the facts. 5 Callaghan's Illinois Criminal Procedure, secs. 39.11, 39.12, and 39.13 (1971).

In view of the consistent holdings in the various situations set out above, I do not think the appellate court should be required to reinstate the appeal in this case unless some showing is made that there are questions involving some merit to be determined.