(No. 47213

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. PHILLIP LEWIS JACOBS, Appellant.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

Ralph Ruebner, Deputy Defender, Office of State Appellate Defender, of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Donald Hubert, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Phillip Lewis Jacobs, was found guilty of murder by a Du Page County circuit court jury and was sentenced to a term of 45 to 65 years in the penitentiary. His appeal to the appellate court was dismissed by that court on its own motion for failure of the defendant to file abstract and briefs. Defendant's motion to reinstate the

appeal was denied, and we have allowed defendant's petition for leave to appeal.

The jury returned its guilty verdict on October 29, 1970. Defendant's post-trial motions were denied, and at the conclusion of a sentencing hearing on December 21, the court imposed the penitentiary sentence. Notice of appeal was filed that day, and the trial court entered an order for preparation of an indigent common law record and report of proceedings upon being advised that defendant was without financial means to prosecute an appeal. On the same date, the attorney who had been retained by defendant to represent him at trial, advised the trial court that he had volunteered his services and would continue to represent the defendant in connection with the appeal without compensation.

Defendant thereafter requested and obtained two extensions of time within which to file the report of proceedings, which was filed within the time permitted, on June 2, 1971. Nothing further appears to have transpired in the appellate court proceedings until over seven months later when the appellate court, on its own motion, entered an order on January 26, 1972, dismissing the appeal for failure to comply with the applicable Supreme Court Rules specifying the time for the filing of abstract and briefs on appeal.

The record before us contains an affidavit by the attorney that "at about the due date" for filing the abstract and brief he suffered a recurrence of a cardiac condition which required him to abstain from the practice of law. The affidavit goes on to relate: "Upon my return to the office, I found that the time had elapsed within which to further prosecute the appeal. My time was consumed in bringing up to date the numerous matters which had been postponed during my absence." He stated further in the affidavit that he failed to present any motions for extensions of time within which to file the abstract and brief and that the matter next came to his

attention upon receipt of the appellate court's order of January 26, 1972, dismissing the appeal.

Although notices of the dismissal were sent on January 26, 1972, to the attorney and to the State's Attorney, the defendant received no personal notice either from his own attorney or from any other source until shortly before August 1, 1974, when he was informed by the attorney that his appeal had been dismissed. Upon being apprised of the situation, the defendant promptly wrote a letter to the circuit court of Du Page County describing what had occurred and requesting the appointment of the public defender to prosecute a post-conviction proceeding in his behalf. Pursuant to the defendant's request, the State Appellate Defender was appointed, and shortly thereafter, the motion to vacate the order dismissing appeal was filed.

From the record before us it appears that the defendant has been deprived of his right to direct appeal as a consequence of circumstances over which he had little, if any, control. We do not concur with the argument advanced by the People that on these facts the defendant should be bound by the inaction of his attorney which resulted in dismissal of the appeal. (*People v. Aliwoli* (1975), 60 Ill.2d 579; *People v. Brown* (1968), 39 Ill.2d 307.) One disturbing aspect of the case is the fact that the defendant was not informed that his appeal had been dismissed until approximately 2½ years later. Lack of such notice precluded his taking timely action with respect to the order of dismissal, and there appears to be no justification for failure of his attorney to promptly notify him. While the precise date upon which counsel resumed his practice does not appear, the fact that it preceded dismissal of the appeal seems indicated by his statement that he did not file a motion to extend the time for filing abstract and briefs and did receive notice of the dismissal.

In view of the foregoing, we have concluded that the defendant should be afforded his right to direct appeal

from his conviction of murder. In the exercise of our supervisory authority we direct that his appeal to the appellate court be reinstated, and the cause is remanded to that court for further proceedings.

*Appeal to appellate court reinstated;*
*cause remanded.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.