THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTIS CARL WILLIAMS, Defendant-Appellant.

Third District    No. 78-115

Opinion filed March 26, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Dennis A. Norden, of Kankakee, for the People.

PER CURIAM: On January 29, 1975, the defendant, Otis Williams, was found guilty of murder, and on April 30, 1975, a three-judge tribunal

imposed a sentence of death. Subsequently, however, the Illinois Supreme Court vacated the sentence and remanded the cause for a new sentencing hearing.

At the second sentencing hearing, the defendant was sentenced to a term of imprisonment of not less than 800 nor more than 2400 years. The date of that hearing was January 20, 1978, and the order sentencing the defendant to imprisonment was filed February 6, 1978. Although no post-trial motion was filed, the State Appellate Defender's office, on the motion of the appellate defender, was appointed to represent the defendant on March 22, 1978, some 44 days after the entry of the sentencing order. A motion for leave to file a late notice of appeal was not filed on behalf of the defendant until December 19, 1978, because the defendant did not respond to the appellate defender's inquiries as to the reasons for not filing a timely notice of appeal until December 8, 1978. Although the motion was allowed by this court, over the objections of the State, the State's brief once again challenges the jurisdiction of this court to consider this appeal.

Ordinarily, no appeal may be taken "after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." (Ill. Rev. Stat. 1977, ch. 110A, par. 606(b).) In criminal appeals, however, there are two exceptions. If a motion, supported by a showing of reasonable excuse for failing to timely file a notice of appeal, is filed in the reviewing court no later than 30 days after the expiration of the original 30-day period for filing the notice of appeal, the reviewing court may grant leave to appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 606(c).) Or, if a motion, supported by an affidavit showing that the appeal is meritorious and that the failure to timely file a notice of appeal was not due to the appellant's culpable negligence, is filed in the reviewing court no later than six months after the expiration of the original 30-day period for filing the notice of appeal, the reviewing court may grant leave to appeal. Ill. Rev. Stat. 1977, ch. 110A, par. 606(c).

The State wrongly cites *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161, for the proposition that there may be a third exception when an appeal has been dismissed because of the inactivity of counsel and the defendant had no notice of the dismissal until some 2½ years later. Based on those facts, the appeal was reinstated. But the original notice of appeal in *Jacobs* was timely filed. The Illinois Supreme Court did not consider the matter as a result of an untimely filed petition for leave to appeal from the dismissal by the appellate court, but instead as a result of a timely filed petition for leave to appeal following the appellate court's denial of the defendant's motion to vacate the dismissal order and to reinstate the appeal. Therefore, *Jacobs* has no applicability to the question of whether an appellate court has jurisdiction to entertain an appeal.

In the case at bar, the notice of appeal was not timely filed, nor was a motion filed within the 30-day period following the expiration of the original, permissible time for filing the notice of appeal. Indeed, the motion for leave to file a late notice of appeal was filed not only more than six months after the sentencing order was filed, but also more than six months after the appointment of appellate counsel.

Filing of the notice of appeal is jurisdictional (Ill. Rev. Stat. 1977, ch. 110A, par. 606(a)), and this court has no discretion to extend its jurisdiction. Therefore this court's order of March 14, 1979, allowing leave to file a late notice of appeal, must be vacated and this appeal must be dismissed.

After vacating our earlier order allowing the defendant leave to file a late notice of appeal and dismissing this appeal based on the above reasoning, this court received a petition for rehearing from the defendant charging that this court, having once granted the motion for leave to file late notice of appeal, abused its discretion by dismissing the appeal. While reiterating that a court has no discretion to extend its own jurisdiction, we have reviewed the issues raised in this appeal in conjunction with a consideration of identical issues raised in the appeal of a co-defendant. (*People v. Clark* (1980), 82 Ill. App. 3d 490.) Based on the reasons discussed in the opinion for the companion case, we find that the issues raised here by the defendant have no merit. Having filed this supplement to the previous opinion filed in this case, the effect of which determines all issues presented by the defendant for review, the petition for rehearing is denied.

Accordingly, the judgment of the circuit court of Kankakee County is affirmed, and the appeal is dismissed.

Judgment affirmed, appeal dismissed.

ALLOY and STOUDER, JJ., took no part in the consideration or decision of this case.