THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARLON THOMAS, Defendant-Appellee.

First District (5th Division)   No. 1—78—0295

Opinion filed October 26, 1990.—Rehearing denied November 26, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

Catherine L. Grahn, of Grahn & Grahn, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

In this aged case the People of the State of Illinois have petitioned this court to re-review a September 1977 order issued by Judge Aubrey Kaplan that suppressed statements defendant made subsequent to his arrest, which was found to have been illegal. We find, however, that this court lacks jurisdiction and so we dismiss the appeal.

The history of this case, as one might have guessed, is extensive and demonstrates a fundamental defect in our criminal justice system, *i.e.*, that justice delayed is often justice denied. The saga begins with the arrest of defendant Marlon Thomas on March 7, 1974. Thomas, who was 13 years old, was arrested at his home at about 3 a.m. without a warrant, based upon a suspicion that he was involved in the March 6, 1974, shooting death of Gina Somodi. Thomas was taken, handcuffed, to the police station without the knowledge of his parents and there was interrogated, outside the presence of his parents or a juvenile officer, while handcuffed to a restraining ring attached to the wall of an interview room. During the course of questioning, on four separate occasions over the next several hours, Thomas made certain admissions that led to additional evidence and, ultimately, further admissions.

It wasn't until September 1, 1977, more than three years after his arrest, that Thomas' attorneys moved to quash the arrest and suppress the statements made to the police subsequent to his arrest. The trial court granted the motion, agreeing that the arrest had been made without probable cause. The State then appealed the suppression order pursuant to the authority granted in Supreme Court Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)).

On November 17, 1978, this court reversed the trial court's suppression order, without oral argument and without the benefit of a brief filed on Thomas' behalf, in a Rule 23 order (*People v. Thomas* (1978), 66 Ill. App. 3d 1113 (unpublished order under Supreme Court Rule 23)), shortly after Thomas' counsel petitioned for an extension of

time to file a brief and requested that the case be set for oral argument. Subsequent to the filing of the Rule 23 order, Thomas' motions were denied.

Thomas was then tried as an adult, convicted of the murder of Gina Somodi, and sentenced to 25 to 50 years in the Department of Corrections. Thomas appealed his conviction, and this court affirmed in an opinion issued March 27, 1981. (*People v. Thomas* (1981), 94 Ill. App. 3d 895, 419 N.E.2d 480.) Thomas then petitioned for leave to appeal to the Illinois Supreme Court and this request was denied.

Next, Thomas sought relief via a post-conviction petition, which was filed in April 1984. The petition was dismissed and the dismissal affirmed by this court. Again the Illinois Supreme Court denied leave to appeal, although Justice Simon dissented. 111 Ill. 2d 561.

Thereafter Thomas filed a writ of *habeas corpus* in the Federal District Court. The petition was granted on August 17, 1987, upon a finding that Thomas had been denied the effective assistance of counsel at a critical stage of the prosecution, namely, when his counsel failed to file a brief in response to the State's appeal of the suppression order. In addition, the Federal District Court determined that the initial trial court ruling had been correct, that Thomas' arrest had been without probable cause, and that no intervening factors occurred to purge the taint of the illegal arrest. Consequently, respondent Michael O'Leary was ordered to release Thomas if he was not retried within 120 days.

An appeal was taken from this ruling to the United States Court of Appeals, Seventh Circuit. In an opinion dated September 16, 1988, the Court of Appeals affirmed the Federal District Court's decision in so far as it held that Thomas had been denied the effective assistance of counsel at a critical stage. (*United States ex rel. Thomas v. O'Leary* (7th Cir. 1988), 856 F.2d 1011.) The opinion then indicated that the State had three options: (1) release Thomas, (2) retry Thomas, or (3) seek a second review of the initial suppression order of Judge Kaplan.

After initially obtaining a stay of the mandate pending a petition for a writ of *certiorari* to the United States Supreme Court, the mandate was issued on January 9, 1989, after the State notified the United States Court of Appeals that it was abandoning its petition to the Supreme Court. The State, apparently believing that it had 120 days in which to choose its option, took no further action until May 1, 1989, when an emergency motion was filed, asking this court to recall the mandate, vacate the November 1978 Rule 23 order, and reinstate the appeal from the September 1977 suppression order.

This court reinstated the appeal but ordered that Thomas, who had now been incarcerated for 11 years, be released on bond pending the appeal. The State was then given until June 1, 1989, to file its appellate brief. Without explanation or request for extension, the State failed to comply with this directive so that on January 23, 1990, this court, on its own motion, issued a rule to the State to show cause why the appeal should not be dismissed for want of prosecution. Thereafter, the State moved to file its brief, which was allowed. The record was filed January 29, 1990, and the appellate brief was filed February 2, 1990.

Thomas filed a response on March 21, 1990. Despite the fact that Thomas raised issues not addressed by the State's brief, no reply brief has been filed by the State to date. On March 6, 1990, the case was marked ready for oral argument, argument was held on September 25, 1990, and we now render our decision on this matter.

The only arguments presented by the State are that Thomas' arrest was a lawful one or, even if unlawful, that the statements should not be suppressed because *Miranda* warnings were given and other intervening factors purged the taint of the unlawful arrest. As stated earlier, Thomas, in addition to responding to these arguments, has raised issues not addressed by the State, namely, that the present appeal should be dismissed for want of jurisdiction or because of the State's failure to prosecute the appeal in a timely fashion. Because we find it to be determinative, we shall first address the jurisdictional issue raised by Thomas.

Initially, we note that it would be a dangerous precedent to hold that a party whose Federal constitutional right to effective appellate counsel had been violated was entitled to a re-review of the appeal. Such a conclusion could open a floodgate of petitions for re-review to this court, which already lacks adequate personnel to process current caseloads. Correlatively, since most criminal appeals are handled by the offices of the public defender and State Appellate Defender, it would also add to the workload of these agencies, which are unable at the present time to complete the processing of appeals in the time required by our court rules due to understaffing because of a lack of funds.

■■ ■ Secondly, and more importantly, we can find no basis for allowing such a re-review by this court. The source of an appellate court's jurisdiction is founded in common law, the Constitution, State statute or the rules promulgated by our Illinois Supreme Court. A Federal court cannot confer jurisdiction upon a State appellate court. While it is true that our court rules permit the State to appeal from a

criminal judge's order in certain instances (134 Ill. 2d R. 604), notice of appeal must be filed within 30 days of the order from which review is sought in order for this court to be vested with jurisdiction to hear the appeal. (134 Ill. 2d R. 606.) In the present case the 30-day time period has long since passed and we can find no law or rule that would confer jurisdiction upon this court for the purposes of conducting a second review of a criminal court ruling.

We note that the Illinois Supreme Court may, under its supervisory powers, direct this court to assume jurisdiction over an appeal and that the supreme court has taken this action in the past. However, no petition was ever made by the State to the Illinois Supreme Court, requesting that it exercise its supervisory power and direct this court to assume jurisdiction over the appeal in this aged case.

Consequently, we find that we are left with no alternative but to dismiss this appeal for want of jurisdiction. Regrettably, this case does not end here. The State is still left with the remaining options, which are to release Thomas or retry him within 120 days.

Appeal dismissed.

COCCIA, P.J., and GORDON, J., concur.