THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT L. BASKIN, Defendant-Appellant.

First District (5th Division)   No. 1—89—0610

Opinion filed May 3, 1991.

478

T. Lee Boyd, Jr. & Associates, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Kathleen Warnick, Special Assistant State's Attorney, and Renee Goldfarb, Assistant State's Attorney, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Defendant, Robert L. Baskin, was charged by indictment for attempted murder and attempted armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) in September 1974. On May 24, 1976, after a jury trial in the circuit court of Cook County, he was found guilty on both counts. On June 18, 1976, he was sentenced to concurrent respective terms of 6 to 18, and 5 to 15 years of imprisonment, but remained free on bond pending the outcome of his appeal. A notice of appeal was filed by his retained counsel on the same date. The "half-sheet" in that case shows that the matter was continued on the circuit court's appeal check call for about two years, until May 12, 1978, when the State's motion to dismiss defendant's appeal was granted. A warrant was issued for defendant's arrest shortly thereafter, but he was not taken into custody until January 1, 1989, when he was arrested for a narcotics violation and his status with regard to his prior convictions came to light.

After his arrest defendant retained counsel and filed a petition to reinstate his appeal. In that petition defendant alleged that he did not know that his attorney had failed to pursue his appeal or that it had been dismissed upon motion of the State. Defendant also claimed that he had made numerous telephone calls to his attorney's office while his appeal was pending and was told that the appeal was proceeding as expected, that he had detrimentally relied on his attorney's representations and that his appeal was meritorious.

At the hearing which was held on his petition, defendant testified that while he was free on bond, he appeared in court on a number of appeal checkdates, but stopped after his counsel advised him that it was unnecessary for him to do so and assured him that he would handle everything for him. Defendant also stated that he kept in touch with his attorney until his attorney died in 1985, and during that period had been continually advised that his attorney had not heard anything on the appeal. Defendant further stated that in the years following his attorney's death he inquired about his appeal by calling the associates in his office, but did not receive any information. Furthermore, defendant said he did not know the appeal had been dismissed until his arrest on January 1, 1989.

Following a hearing on the petition, the trial court refused to reinstate the appeal on the grounds that its jurisdiction was divested by the filing of the notice of appeal. On appeal, defendant contends that the trial court erred in not granting the petition to reinstate the appeal.

Although we do not agree with the trial court's jurisdictional reason for denying defendant's petition to reinstate, the denial itself was correct on other jurisdictional grounds. Accordingly, we affirm.

OPINION

Both parties to this appeal address themselves solely to the merits of defendant's entitlement to reinstatement of his appeal. Neither party has raised any contentions regarding the jurisdictional basis of the trial court's ruling. However, as shall be fully discussed later, we are not bound by the parties' failure to address the jurisdictional issue, and a discussion of it is material to the procedural basis of this decision. First, though, since it is helpful for reasons which shall become clear later, we shall consider the substantive merits as raised by the parties.

In support of his argument for reinstatement, defendant cites several Illinois Supreme Court decisions which mandate the reinstatement of a criminal appeal where the dismissal is attributable to the negligence or malfeasance of defense counsel. *People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555; *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161; *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562.

In *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562, the defendant was convicted of pandering. When his attorney failed to properly pursue the subsequent appeal, it was dismissed for want of prosecution. The defendant's bond was forfeited and he was then arrested and incarcerated. Shortly thereafter, the defendant obtained new counsel and moved for reinstatement of his appeal. The appellate court denied the motion and the defendant appealed. The supreme court reinstated the defendant's appeal, holding that the general rule that clients are bound by the acts of their attorneys does not apply in cases where the attorney has negligently or intentionally allowed an appeal to be dismissed and the defendant has not knowingly waived his right to an appeal. (*Brown*, 39 Ill. 2d at 312.) It stated (39 Ill. 2d at 311):

> "We find the consequence of the dismissal here most significant, for while the right of appeal in a criminal case is not *per se* of constitutional dimension [citation], any denial of it is subject

to the due-process and equal-protection guarantees of the Federal and State constitutions."

Accord *Aliwoli*, 60 Ill. 2d 579, 328 N.E.2d 555; *Jacobs*, 61 Ill. 2d 590, 338 N.E.2d 161.

The State contends that defendant's right of appeal is not unfettered and requires diligence and conformity with supreme court rules. (*People v. Carter* (1980), 91 Ill. App. 3d 635, 415 N.E.2d 17.) In addition, the State points out that a person who is free on an appeal bond after conviction has a duty to duly prosecute his appeal (Ill. Rev. Stat. 1975, ch. 38, par. 110—10(b)(1)), and that the record in this case shows that defendant has failed to do so. As evidence the State points out that the case has languished for a period of 13 years, that defendant acknowledged his awareness of his attorney's death four years before his arrest, and that other than making some telephone calls to the attorney's office, it appears that defendant took no affirmative measures to bring his situation to light and pursue his appeal.

▮▮▮▮ While the State's argument is not without substance, we believe that under the supreme court's most recent pronouncement on the subject, defendant's appeal should nevertheless be reinstated. In *People v. Moore* (1990), 133 Ill. 2d 331, 549 N.E.2d 1257, a notice of appeal of defendant's murder conviction was filed on June 2, 1980, but his appeal was dismissed by the appellate court for want of prosecution when defendant's retained counsel failed to file a docketing statement. In 1983, proceedings were initiated against defendant's attorney before the Attorney Registration and Disciplinary Commission, and in 1988 defendant's attorney was suspended from the practice of law for a period of time. After defendant filed a motion to reinstate his appeal, which was denied by the appellate court, the supreme court allowed his petition for leave to appeal.

In *Moore*, as in this case, the State questioned the adequacy of defendant's efforts to pursue his appeal and contended that his remedy could be found in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). The supreme court, however, disagreed. The court acknowledged the remedial procedure set forth in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, *i.e.*, a post-conviction challenge in the circuit court, as the appropriate remedy where there are factual questions as to attorney's representation to be determined, but decided in *Moore*:

"Where a defendant, as here, has once properly invoked appellate jurisdiction, only to have his appeal dismissed, through no fault of his own, for appellate counsel's failure to comply with appellate rules, this court has opted for reinstatement of

the appeal by motion in the appellate court in instances where defendant has taken reasonable steps to preserve his right to appeal, and where there are no complex factual questions to be determined by the trial court. [Citations.] We see no reason to waste the time and resources of an already overburdened circuit court by requiring yet another circuit judge to rule on matters pertaining to defendant's trial, only to have the matter ultimately return to the appellate court on appeal from the circuit court's post-conviction ruling. All issues may well be resolved on direct appeal; however, even if defendant does eventually pursue post-conviction relief, many issues will have been raised and resolved on direct appeal, thus narrowing the scope of inquiry in post-conviction proceedings and thereby facilitating disposition of a post-conviction action in the event one is commenced." (*Moore*, 133 Ill. 2d at 339-40, 549 N.E.2d at 1261.)

The supreme court then reinstated defendant's appeal and remanded his case to the appellate court for further proceedings. *Moore*, 133 Ill. 2d at 341, 549 N.E.2d at 1262.

In the case at bar, the record shows that defendant initially entrusted his appeal to his counsel, but that after a timely filing of notice, defendant's appeal was dismissed two years later, apparently because of counsel's failure to preserve it by complying with the rules of appellate procedure. Although the record indicates that defendant might have acted with more purpose and intensity to pursue his appeal and preserve his rights, we observe that with the passing of time not only has his counsel died but the post-conviction procedure has also been foreclosed to him by the 10-year limitation period which controls its availability. Ill. Rev. Stat. 1989, ch. 38, par. 122—1; *People v. Bates* (1988), 124 Ill. 2d 81, 529 N.E.2d 227.

■■ Were the merits of defendant's entitlement to a reinstatement of his appeal our only concern, our inquiry would end here. But even though neither party has raised the question of the jurisdiction of the trial court or of this court to entertain such a petition, nevertheless it is our duty to consider these jurisdictional issues. (*People v. Biederman* (1981), 100 Ill. App. 3d 558, 426 N.E.2d 1225.) Consequently, while there is substantive merit to defendant's petition for reinstatement, we cannot reverse the trial court's determination without considering the question raised as to the trial court's jurisdiction to vacate its dismissal order.

■■■ As previously noted, the trial court denied defendant's petition based on its finding that it lacked jurisdiction. However, the trial court's contention that its jurisdiction was divested by the filing of the

notice of appeal is inconsistent with Supreme Court Rule 309 (58 Ill. 2d R. 309) pursuant to which the trial court's original dismissal in 1978 was based. Rule 309 was made applicable to criminal appeals by Supreme Court Rule 612(a). (58 Ill. 2d R. 612(a).) In 1978, Rule 309 permitted a trial court to retain jurisdiction before the case was docketed by the reviewing court, and to dismiss the case "if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court." (58 Ill. 2d R. 309.) Prior to 1979 docketing by the reviewing court occurred only after the record was filed. (58 Ill. 2d R. 327 (made applicable to criminal appeals by 58 Ill. 2d R. 612(f)).) In 1979 Rule 606(f) was added to provide for docketing in the appellate court upon filing of the notice of appeal. (73 Ill. 2d R. 606(f).) Rule 309 was also amended in 1979, removing the authority of the trial court to dismiss an appeal 35 days after the time to file the record in the reviewing court had elapsed. (73 Ill. 2d R. 309.) In 1981, Rule 309 was again amended to permit the trial court again to retain jurisdiction to dismiss an appeal until the record was filed with the reviewing court, notwithstanding the acceleration of the docketing date under the 1979 amendment to Rule 606(f). (See Committee Comments to Supreme Court Rule 309, which make reference to Rule 303, the counterpart of Rule 606 for civil appeals (87 Ill. 2d R. 309, Committee Comments).) Thus except for the short interlude between 1979 and 1981, the mere filing of the notice of appeal did not divest the trial court of its jurisdiction to dismiss an appeal provided, as the undisputed facts bear out in this case, the record was not yet filed with the appellate court.

■ However, even though the jurisdiction of the trial court was not divested by the filing of a notice of appeal, the order dismissing the appeal under Rule 309 was a final order (*Kjellberg v. Muno* (1950), 340 Ill. App. 133, 137, 91 N.E.2d 155, 157), and after the lapse of 30 days, the order was subject to vacation only under the provisions of former section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72 (hereinafter referred to under its current codification as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401))). This provision, although civil in nature, has been held to extend to criminal proceedings. *People v. Touhy* (1947), 397 Ill. 19, 25, 72 N.E.2d 827, 831.

In this case, defendant did not designate his motion to reinstate his appeal as a section 2—1401 motion, nor did the trial court make any findings under section 2—1401 due to its threshold determination that it lacked jurisdiction. Defendant did, however, file a petition and affi-

davit as required under the provisions of section 2—1401 and is therefore entitled to have it considered under that section.

■ It is hornbook law that section 2—1401 is not intended to relieve a party of the consequences of his own negligence. Under ordinary circumstances, this would extend to the negligence of one's own attorney as well. (*Department of Public Works & Buildings v. O'Hare International Bank* (1976), 44 Ill. App. 3d 623, 358 N.E.2d 1308.) An exception has been made, however, to provide for reinstatement of a criminal appeal dismissed by the trial court as a result of the neglect of the defendant's attorney. (See *People v. McManus* (1978), 66 Ill. App. 3d 986, 384 N.E.2d 568.) There the trial court dismissed McManus' appeal in December 1977, for failure to file the record in the appellate court for six months after the notice of appeal had been filed. Less than four months later, in March 1978, when McManus learned of the dismissal of his appeal, he filed his section 72 petition. The trial court dismissed the petition.

In vacating both the order of the trial court dismissing the appeal and the order dismissing the petition, the appellate court stated (66 Ill. App. 3d at 989):

"Although section 72 of the Civil Practice Act may not specifically be intended to relieve a litigant of incompetence of counsel and the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) is intended to provide such relief, we have supplementary considerations in this case based on three decisions rendered by the Illinois Supreme Court in which appeals were dismissed by reason of a failure of counsel to file briefs on time. In all three cases, the appeal had been dismissed by the appellate court and the supreme court ordered the appeal reinstated."

Although *McManus* expanded the scope of former section 72 by including failure of counsel to pursue an appeal as grounds for relief thereunder, it did not go so far as to hold that reinstatement would be automatic under such circumstances notwithstanding the time lapse between the entry of the order and the filing of the petition. In *McManus* the petition was filed less than four months after dismissal. Thus the decision in *McManus* cannot be construed to extend the availability of section 2—1401 relief in cases involving neglect of counsel to prosecute a criminal appeal beyond the two-year period of section 2—1401(c).

Section 2—1401(c) provides:

"The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person

seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(c).

■ Here, defendant's petition was filed almost 11 years after the trial court's dismissal of the appeal, well beyond the two-year limitation period contemplated under section 2—1401(c). The record shows no evidence that defendant was under legal disability or duress. Fraudulent concealment under section 2—1401(c) which will toll the two-year limitation period contemplates affirmative actions by one's opponent or by the court, not one's own attorney. (See, *e.g., Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253 (failure of opponent to fully comply with discovery constitutes fraudulent concealment); *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130.) Therefore, even had the trial court correctly ruled that it was not divested of jurisdiction over the matter by the filing of the notice of appeal and treated the petition as one under section 2—1401, it would have had to deny defendant's petition for failure to meet the requirements of section 2—1401(c). There is therefore little purpose to be served by remanding this matter to be redetermined by the trial court pursuant to section 2—1401 since, as shown above, the passage of 11 years since the entry of the order of dismissal would preclude recovery under the statute. Thus, the trial court was correct in denying defendant's petition for reinstatement albeit for a reason other than that which it articulated, and we have no authority to order the trial court to reinstate the appeal where its denial was correct under section 2—1401. *Jam Productions, Ltd. v. Dominick's Finer Foods, Inc.* (1983), 120 Ill. App. 3d 8, 458 N.E.2d 100.

■ As we have no authority to direct the trial court to reinstate defendant's appeal, so too we are without power *sua sponte* to grant defendant leave to file a late appeal directly with this court unless so directed by our supreme court in the exercise of its supervisory powers. (Ill. Const. 1970, art. VI, §16. See *People v. Mims* (1980), 82 Ill. 2d 63, 411 N.E.2d 215.) Our jurisdiction to review a judgment of the trial court in a criminal matter is governed by Supreme Court Rule 606. (107 Ill. 2d R. 606.) Compliance with Rule 606 is jurisdictional, and failure to comply with its provision results in this court having no jurisdiction over the matter. (*People v. Anders* (1974), 20 Ill. App. 3d 984, 313 N.E.2d 520.) We have no discretion to extend that jurisdiction (*People v. Williams* (1980), 82 Ill. App. 3d 681, 402 N.E.2d 440), nor can the parties to an appeal waive the timely filing of a notice of appeal. (*In re McCall* (1982), 108 Ill. App. 3d 164, 438 N.E.2d 1269.) Rule

606(b) requires that a notice of appeal be filed within 30 days from the entry of the judgment appealed from. Under Rule 606(c) we may allow an additional 30 days to file the notice of appeal, upon a showing of reasonable excuse for failure to file a notice on time. In addition, leave to file a late appeal may be granted within six months upon a showing of merit to the appeal and lack of culpable negligence. Beyond that, we have no jurisdiction to review an order of the trial court.

We recognize that defendant did file a timely notice of appeal in 1976. That appeal was, however, dismissed by the trial court in 1978 when the trial court retained jurisdiction to dismiss an appeal under the rules in effect at that time. We are, in substance if not in form, being asked to review that dismissal as if on appeal. It is clear that the time to file a notice of appeal of the 1978 dismissal has long since passed. So too has the time in which we may grant leave to file a late appeal. As a result of defendant's failure to timely file a notice of appeal of the trial court's dismissal or to file a motion for leave to file a late appeal within six months from the 1978 dismissal, we have no authority to hear an appeal of the trial court's order of dismissal. See *People v. Thomas* (1990), 205 Ill. App. 3d 840, 563 N.E.2d 852.

■■ Accordingly, notwithstanding the fact that the supreme court's decision in *Moore* indicates that this defendant's appeal should be reinstated, such reinstatement must be effected by our supreme court pursuant to its supervisory powers. We note that in *People v. Mims* (1980), 82 Ill. 2d 63, 411 N.E.2d 215, and *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161, the supreme court explicitly ordered defendants' appeals reinstated in the appellate courts pursuant to its exclusive supervisory powers. While *Moore* would indicate a strong policy statement by the supreme court that appeals such as this should be reinstated, we observe that even there, consistent with its exercise of its supervisory powers, it ordered the appeal reinstated rather than reversing the appellate court's denial of defendant's petition. Accordingly, we are left with no alternative but to affirm the trial court.

Affirmed.

MURRAY and COCCIA,* JJ., concur.

---

*Justice Michel A. Coccia participated in oral argument prior to his assignment to another division.